IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                  Case Nos.:   3:10cr80/RV/EMT
                                                 3:13cv471/RV/EMT

ROGELIO MUNOZ-MORALES

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 47).   The Government filed a response (ECF No. 54), and Defendant filed a reply (ECF No. 58). Defendant then filed a supplemental reply (ECF No. 63), to which the Government responded (ECF No. 66), and Defendant filed an additional reply (ECF No. 67). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, but that his § 2255 motion should be granted in part.

## BACKGROUND and ANALYSIS

Defendant was charged in a two-count indictment with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine, and possession with intent to distribute five kilograms or more of cocaine on a date certain (ECF No. 15).   The Government filed a notice of enhancement information listing a single prior felony drug conviction (ECF No. 23). Represented by appointed counsel Spiro Kypreos, on August 25, 2010, Defendant entered a plea of guilty to both charges pursuant to a written plea agreement and a separate statement of facts (ECF Nos. 31, 32).

There are three versions of the Presentence Investigation Report in the record (*see* ECF Nos. 37 (Draft PSR), 40 (Final PSR), 44 (Second Revised Final PSR)). The Second Revised Final PSR (hereinafter "PSR") reflects that Defendant had a base offense level of 32 due to the quantity of drugs involved in the offense conduct and that he received a three-level adjustment for acceptance of responsibility (ECF No. 44, PSR at ¶¶ 30, 36).   Defendant's base offense level became 37 due to the application of the Chapter Four Career Offender Enhancement (ECF No. 44, PSR ¶ 38), which was reduced to 34 due to the acceptance of responsibility adjustment (*id*.).   More specifically, because Defendant was found to have at least two prior

felony convictions of either a crime of violence or a controlled substance offense,

"Burglary of Habitation Intend Commit Theft (Lesser Included Offense)"[1] and

importation of marijuana, his total offense level was 34 (ECF No. 44, PSR ¶ 38).

Defendant's criminal history category would have been IV, but with the application

of the career offender adjustment it became VI (ECF No. 44, PSR ¶ 44–47).   The

applicable guidelines range was 262 to 327 months.   Judgment was entered on

November 10, 2010, reflecting Defendant's sentence of 270-months imprisonment

on each count to run concurrently (ECF No. 42).

Defendant did not appeal, but he filed the instant motion to vacate pursuant to

the prison mailbox rule[2] on August 16, 2013 (ECF No. 47 at 13).   Defendant raises

three grounds for relief.   First, he claims that he was improperly sentenced as a

---

[1] This offense was identified as "Burglary of Habitation" in the Final PSR (ECF No. 40, PSR ¶ 43). As noted, the offense was amended to read "Burglary of Habitation Intend Commit Theft (Lesser Included Offense)" in the Second Revised Final PSR (*see* ECF No. 44, PSR ¶¶ 38, 106). This change was not mentioned during the sentencing proceeding.

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.   *See* Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule")

career offender in violation of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).
Next, he argues that his attorney provided constitutionally ineffective assistance at
sentencing, and third, he asserts that the district court committed constitutional error
by sentencing him based on facts it found at sentencing, rather than on facts found
by a jury beyond a reasonable doubt.   In directing the Government to respond, the
court noted Defendant's argument that the Supreme Court's decisions in <u>Descamps</u>,
133 S. Ct. at 2276 and <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (2013), allowed
consideration of his claims.

## LEGAL ANALYSIS

### <u>Timeliness</u>

As an initial matter, the court considers the timeliness of Defendant's motion.
Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions
under this section.   The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the petitioner was prevented from making
> a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   Defendant relies on § 2255(f)(3), claiming that the Supreme Court's decisions in <u>Descamps</u>, 133 S. Ct. at 2276 and <u>McQuiggin</u>, 133 S. Ct. at paved the way for the court's consideration of his claims.   Defendant's argument is well-taken, at least with respect to Ground One of his motion.

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved

for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   Nyhuis, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by

different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234−35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own

conduct." Lynn, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   Strickland, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.

Glover v. United States, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.   *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   Chandler, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have

acted in the circumstances as defense counsel acted.   Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   Gordon, 518

F.3d at 1301 (citing <u>Vick v. United States</u>, 730 F.2d 707, 708 (11th Cir. 1984)).    To

be entitled to a hearing, a defendant must allege facts that, if true would prove he is

entitled to relief.    *See* <u>Hernandez v. United States</u>, 778 F.3d 1230, 1234 (11th Cir.

2015).    A hearing is not required on frivolous claims, conclusory allegations

unsupported by specifics, or contentions that are wholly unsupported by the record.

*See* <u>Winthrop–Redin v. United States</u>, 767 F .3d 1210, 1216 (11th Cir. 2014)

(explaining that "a district court need not hold a hearing if the allegations [in a § 2255

motion] are . . . based upon unsupported generalizations") (internal quotation marks

omitted); <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004).    Even

affidavits that amount to nothing more than conclusory allegations do not warrant a

hearing.    <u>Lynn</u>, 365 F.3d at 1239.    Finally, disputes involving purely legal issues

can be resolved by the court without a hearing.

<u>Ground One—Sentencing Error under Descamps</u>

Defendant first claims that he was improperly sentenced as a career offender

under § 4B1.1 of the Sentencing Guidelines in violation of <u>Descamps</u>, because one

of the two predicate offenses did not qualify.    The Government concedes that

<u>Descamps</u> is retroactive for purposes of Defendant's § 2255 motion, his first.    *See*

Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016).   It argues, nonetheless, that Defendant's claim is procedurally barred, and without merit.

Defendant raised no opposition to being sentenced as a career offender either before the trial court or on direct appeal, and thus, absent a showing of cause and prejudice, this claim is procedurally barred.   *See* Nyhuis, 211 F.3d at 1344.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See id.* However, it is well established that counsel's failure to anticipate a change in the law does not constitute deficient performance.   *See* Denson v. United States, 804 F.3d 1339, 1343 (11th Cir. 2015) (citing Marquard v. Secretary, Dept. Of Corrections, 429 F.3d 1278 (11th Cir. 2005)); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994).   In fact, there is a "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel."   United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J., concurring) (citing Spaziano, 36 F.3d at 1039; Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995); Pitts v. Cook, 923 F.2d 1568, 1572–74 (11th Cir. 1991); Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986)).   If Defendant

cannot show that counsel was constitutionally ineffective for failing to challenge the application of the career offender enhancement, he cannot show "cause" for his failure to raise it on appeal and his claim is procedurally barred. In order to assess counsel's performance in this regard, a discussion of the facts underlying Defendant's claim is warranted.

In Descamps, which forms the basis for Defendant's claim, the Supreme Court considered whether a conviction for burglary in violation of section 459 of the California Penal Code would qualify as a generic "burglary" under the enumerated-offenses clause of definition of violent felony in the Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e). The Court had previously defined generic burglary as having the elements of the "unlawful or unprivileged entry into, or remaining in, a building or a structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). The Descamps Court stated that, to determine whether a past conviction is for "burglary, arson, or extortion," the enumerated offenses in the ACCA, courts must use what is called the "categorical approach." Descamps, 133 S. Ct. at 2281. Under this approach, the district court must "compare the elements of the statute forming the basis of the defendant's

conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *Id.* "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* The <u>Descamps</u> Court also affirmed that, in the case of a "divisible" statute—one that sets out alternative crimes, some of which qualify as ACCA predicates—the sentencing court may apply a "modified categorical approach" to determine which of the statutory alternatives formed the basis of the defendant's prior conviction and thus whether the particular conviction qualifies as an ACCA predicate. *Id*. at 2283–84. The "modified categorical approach" approved in <u>Taylor</u> and refined in <u>Shepard v. United States</u>, 544 U.S. 13 (2005), does not apply to "indivisible" statutes—statutes that define the crime at issue broadly rather than setting forth alternative elements. *Id*. at 2281, 2285–86. Where an "indivisible" burglary statute defines "burglary" more broadly than the elements for generic burglary, "a conviction under that statute is never for generic burglary," and a district court should not enhance a sentence under the enumerated crimes clause of the ACCA based on such a burglary conviction. *Id.* at 2293; *see also* <u>Mathis v. United States</u>, No. 15-6092, 2016 WL 3434400 (U.S. June 23, 2016). Reiterating that the

modified categorical approach may be applied only "when a prior conviction is for

violating a so-called 'divisible statute,'" the Court explained that a divisible statute

is one that:

> Sets out one or more elements of the offense in the alternative—for
> example, stating that burglary involves entry into a building or an
> automobile.   If one alternative (say, a building) matches an element in
> the generic offense, but the other (say, an automobile) does not, the
> modified categorical approach permits sentencing courts to consult a
> limited class of documents, such as indictments and jury instructions,
> to determine which alternative formed the basis of the defendant's prior
> conviction.   The court can then do what the categorical approach
> demands:   compare the elements of the crime of conviction (including
> the alternative element used in the case) with the elements of the
> generic crime.

Descamps, 133 S. Ct. at 2281.   Using this analysis, the Descamps Court concluded

that because section 459 of the California Penal Code did not contain "alternative"

elements, and it criminalized a broader range of conduct than the generic offense of

burglary, a conviction under that statute did not qualify as a predicate offense under

the ACCA even when the facts of the underlying case satisfied the generic elements

of burglary.   *Id*. at 2281–85.   In sum, in accordance with Descamps, sentencing

courts may apply the modified categorical approach to determine whether a prior

conviction qualifies as an ACCA predicate offense only when the statute defining the offense of conviction sets out one or more elements of the offense in the alternative, and the statute is divisible.   *See also* <u>Mathis</u>, 2016 WL 3434400.

Here, the Government takes the position that Defendant's prior burglary conviction of "burglary of habitation intend to commit theft" in violation of section 30.02 of the Texas Penal Code qualifies as a violent felony under either the categorical approach or the modified categorical approach.

Texas Penal Code section 30.02 defines burglary as follows:

(a) A person commits an offense if, without the effective consent of the owner, the person:

    (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

    (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

    (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

(b) For purposes of this section, "enter" means to intrude:

    (1) any part of the body; or

    (2) any physical object connected with the body.

(c) Except as provided in Subsection (d), an offense under this section is a:

(1) state jail felony if committed in a building other than a habitation; or

(2) felony of the second degree if committed in a habitation.

(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; and

(2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

Tex. Penal Code § 30.02.[3]

The Eleventh Circuit has not had occasion to analyze section 30.02 of the Texas Penal Code to make a determination of whether a conviction under any portion of this statute meets the definition of generic burglary.   *See* Taylor v. Warden, FCI Marianna, 557 F. App'x 911 (11th Cir. 2014) (rejecting petitioner's attempt to challenge ACCA enhancement based on Texas burglary convictions under 30.02(a)(3) via § 2241, when this claim could have been raised on direct appeal or in his § 2255 motion).   There are numerous cases from the Fifth Circuit, however,

---

[3]  The definition of burglary currently available on Westlaw is identical to the version provided by the Government in Exhibit C (ECF No. 54-3).

that are instructive.    That court has repeatedly held that a violation of § 30.02(a)(1)

constitutes a "generic burglary," which is then properly classified as a violent felony

under the ACCA or the Sentencing Guidelines.    *See* United States v. Herrold, 813

F.3d 595, 599 (5th Cir. 2016) (holding that burglary of a habitation under 30.02(a)(1)

is a predicate offense under ACCA, and declining to address argument that

"habitation" includes "vehicles adapted for overnight use") (citing United States v.

Silva, 952 F.2d 157 (5th Cir. 1992)); United States v. Conde-Castaneda, 753 F.3d

172, 176–78 (5th Cir. 2014) (reiterating that § 30.02 is a divisible statute and that

§ 30.02(a)(1) is properly considered burglary of a dwelling under the Sentencing

Guidelines); United States v. Fearance, 82 F. App'x 416 (5th Cir. 2014) (affirming

that a violation of § 30.02(a)(1) qualifies as a violent felony under the ACCA);

United States v. Hageon, 418 F. App'x 295, 299 (5th Cir. 2011) (holding that

burglary of a habitation in violation of Texas Penal Code § 30.02(a)(1) meets the

definition of burglary and thus qualifies as a violent felony under the ACCA); United

States v. Eddins, 451 F. App'x 395, 396 (5th Cir. 2011) (holding that a conviction

for burglary, in which the charging documents tracked the language of § 30.02(a)(1),

constitutes generic burglary for the purposes of the ACCA).    On the other hand,

convictions under § 30.02(a)(3), which subsection does not contain the element of specific intent required to meet the definition of generic burglary, are not violent felonies under the enumerated clause of the ACCA or the Sentencing Guidelines. *See* United States v. Constante, 544 F.3d 584, 587 (5th Cir. 2008) (contrasting convictions under Texas Penal Code § 30.02(a)(1) and (a)(3), and finding that convictions under § 30.02(a)(3) do not qualify as generic burglaries and are not violent felonies under 18 U.S.C. § 924(e)); Conde-Castaneda, 753 F.3d at 176 (citing Constante for the proposition that § 30.02(a)(3) is not a "burglary of a dwelling"); United States v. Emeary, 794 F.3d 526, 529 (5th Cir. 2015) (holding that after Johnson v. United States, 135 S. Ct. 2551 (2015) it is clear that convictions under § 30.02(a)(3) are not violent felonies under the ACCA).

In this case, the question is under which portion of the divisible Texas burglary statute Defendant's conviction arose.    To answer this question, the court must apply the modified categorical approach, consulting Shepard documents to determine which of the three alternatives formed the basis for Defendant's conviction.   The Government has attached relevant documents to its response to Defendant's supplemental pleading (ECF No. 66).

The Indictment in Defendant's Texas case charges that he "intentionally and knowingly, without the effective consent of Nila Ortiz, the owner, enter[ed] a habitation and did then and there commit and attempt to commit a felony, to wit: Criminal Mischief Over $1,500 Under $20,000" (ECF No. 66-1 at 1).    The indictment appears to track the language of § 30.02(a)(3) as the word "intentionally" modifies Defendant's entry, and does not ascribe any intent to his actions upon entering the habitation.

Defendant's original Judgment of Conviction in the 41st District Court, El Paso County, Texas, dated November 13, 2008, identifies the offense of conviction as "Burglary Habitation Intend Commit Theft; a Lesser Included Offense" (ECF No. 66-2 at 1–2).    To the extent this ascribes intent to Defendant's actions, it appears to contradict the indictment referenced above.    The "Statute for Offense" was identified as "30.02(c)(2)PC," which is a reference to the subsection describing applicable penalties rather than proscribed conduct.    A conviction pursuant to this section neither requires nor precludes a finding of intent.    Similarly, § 30.02(d) applies to habitation offenses involving both intent to commit a felony other than

felony theft or habitation offenses where a felony other than felony theft was committed, without intent.

The Incident/Investigation report which provides factual detail about the offense conduct is not instructive with respect to the issue of Defendant's intent at the time he entered the habitation (ECF 66-5).   It indicates that the offender had made entry into the residence and removed the "listed item" (which is not identified on the single page report).   It also notes that during this process the offender "intentionally did $8,880.00 amount of damge (sic) to property inside the residence" (ECF No. 66-5).   The report references outstanding warrants for Burglary Habitation and Evading with a motor vehicle.   From comparing the Incident Report and the PSR, it appears that Defendant was charged with more than one count of burglary.   The PSR identifies a burglary conviction in Cause No. 20080D03825, which is the number handwritten on the bottom of the Incident Report, but the description of this offense references a completely different set of facts than was described in the Incident Report (ECF No. 44, PSR ¶ 43).   According to the PSR, Defendant allegedly attempted to forcibly enter the home of his ex-partner, although he fled before securing entry.   When he returned, law enforcement gave chase, but

he ultimately eluded them.   The PSR reflects that a separate Burglary of Habitation charge was dismissed in Cause No. 20080D03874, due to Defendant's guilty plea to Evading Arrest/Detention with Vehicle in that case (ECF No. 44, PSR ¶ 43).   From a consideration of the record as a whole, it seems that the PSR describes the offense conduct in Cause No. 20080D03874, which happened at the same time as the Evading Arrest, rather than 20080D03825.   In any event, neither document conclusively answers the question of intent.

The Government has also provided a copy of "Defendant's Request to Plea[d] Guilty and Waiver of Certain Rights, and the State's Consent and Recommendation" (ECF No. 66-6). This document references "Burglary of Habitation" in the caption, without describing the charge to which Defendant intended to plead (ECF No. 66-6).   What might have been the pertinent sentence in the document signed by Defendant appears to omit significant information as it states "[i]t is my desire to enter a plea of guilty to the charge of    and waive the right of trial by jury in the above-entitled and numbered cause" (ECF No. 66-6 at 1).   There is no reference to the applicable statute.

Another document, the "Acknowledgement of Defendant's Right [sic]; Admonishment, Waiver of Rights and Judicial Confession" ("Acknowledgment"), repeatedly identifies the offense conduct merely as Burglary of Habitation (ECF No. 66-7). This document references neither the specific statute under which Defendant was convicted nor reiterates the elements of the offense, and there is no mention of "intent." Similarly, the document titled "Terms and Conditions of Community Supervision" identifies the offense only as "Burglary of Habitation" (ECF No. 66-8). The court notes, however, that through the Acknowledgment, Defendant admitted "all of the allegations in the indictment contained in this cause" (ECF No. 66-7 at 1). As observed above, the indictment did not ascribe "intent" to Defendant's actions after his unlawful entry into the habitation, which appears to track § 30.02(a)(3).

Finally, and most instructive, is the Nunc Pro Tunc Judgment of Conviction dated February 3, 2009, which appears to be an amended judgment in Defendant's Texas criminal case (ECF No. 66-9). This document again identifies the "Statute for Offense" as § 30.02(c)(2), the penalty portion of the Burglary statute (ECF No. 66-9 at 1). However, the section of the Nunc Pro Tunc Judgment designated for

"Offense for which Defendant convicted" had been amended to read "Burglary of Habitation" whereas in the original judgment it read "Burglary Habitation Intend Commit Theft; a Lesser Included Offense" (*compare* ECF No. 66-2 and ECF No. 66-9).   The omission of any reference to intent provides strong support for the conclusion that Defendant's conviction arose under § 30.02(a)(3), which is not a crime of violence, and thus that it should not have been used to support the application of the career offender enhancement.   *See* Emeary, 794 F.3d at 529; Constante, 544 F.3d at 587.

As noted above, the Government takes the position that Defendant's challenge to the application of the career offender enhancement is procedurally defaulted because it was not raised previously.   The Government is correct that Defendant did not object to the enhancement, and in fact, neither the court nor the parties made any reference to Defendant's status as a career offender at the brief sentencing proceeding (ECF No. 53).   The undersigned disagrees with the Government's suggestion that counsel would have been required to "predict" a change in the law in order to raise such an objection.   The Firth Circuit's decision in Constante, holding that a conviction under § 30.02(a)(3) was not a crime of violence under the

ACCA, was decided in 2008, well before Defendant's sentencing.   The guidelines definition of "crime of violence" tracks the language of the ACCA.   There is no record evidence that counsel made any kind of inquiry into the circumstances surrounding Defendant's prior conviction, and in fact this alleged failure is encompassed in the ineffective assistance of counsel claim Defendant raised in Ground 2.   Furthermore, the difference in the characterization of Defendant's burglary offense between the "Final" and "Second Revised Final" PSRs arguably would have placed a reasonable attorney on notice that an inquiry was warranted, if not also an objection to preserve the record (*compare* ECF No. 40 *with* ECF No. 44). Limited investigation could have revealed the existence of the Nunc Pro Tunc judgment, and that the amendment to the PSR reflected in the Second Addendum thereto was in error (ECF No. 44, PSR ¶ 106).

In light of a colorable argument that counsel did not act reasonably and that his performance was deficient in this regard, the undersigned declines to find the procedural bar applicable in this case.   Having so found, the undersigned concludes that Defendant is entitled to reconsideration of whether his sentence is subject to

career offender enhancement.[4]   *See* <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001).

<u>Ground Two—Ineffective Assistance of Counsel at Sentencing</u>

In his second claim for relief, Defendant argues that he was "completely denied the assistance of counsel for [his] sentencing" (ECF No. 47 at 5).   He claims that counsel spoke briefly with him about one month before sentencing to confirm that the information in Defendant's PSR was correct, but otherwise did nothing but inform Defendant that counsel could not help him, and that Defendant would be sentenced to no less than twenty years in prison (as a result of the § 851 enhancement) unless he cooperated with the Government.   Defendant also claims that counsel never discussed sentencing issues with him either prior to sentencing or prior to his plea of guilty,[5] never researched facts or law in his case, never objected to the application of the career offender enhancement or anything about the PSR,

---

[4]   The court nonetheless—and without hesitation—declines Defendant's invitation to ascribe nefarious intent to the Government's alleged failure to ensure that the proper version of the <u>Shepard</u> documents in Defendant's Texas case were made part of the record.

[5] The court notes that this statement is contradicted by both Defendant's and counsel's   assurances to the court during the plea colloquy (ECF No. 52 at 13–14, 16).

Case Nos.: 3:10cr80/RV/EMT; 3:13cv471/RV/EMT

never made any arguments in mitigation, and failed to hold the Government's case to any meaningful adversarial testing at sentencing.

In response, the Government asserts that Defendant's ineffective assistance of counsel claim is time barred.   Judgment was entered in this case on November 10, 2010, and Defendant did not appeal (ECF No. 42).   Therefore, absent circumstances not present here, the one-year time limitation for filing an ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255 expired on November 24, 2011.   The instant motion was not filed until August 16, 2013 (ECF No. 47 at 13).

Unless Defendant establishes his entitlement to equitable tolling, his independent ineffective assistance of counsel claims are time barred.   Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."   Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).   Otherwise stated, "a litigant seeking equitable tolling bears

the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (citation omitted); <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1100 (11th Cir. 2012).   It only applies in "truly extraordinary circumstances."   <u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones</u>, 304 F.3d at 1039–40; <u>Drew</u>, 297 F.3d at 1286).   The onus is on the moving defendant to show that he is entitled to this extraordinary relief.   <u>Johnson</u>, 340 F.3d at 1226, <u>Jones</u>, 304 F.3d at 1040.   The court will not relieve a petitioner who has sat upon his rights.   <u>United States v. Cicero</u>, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing <u>Coleman v. Johnson</u>, 184 F.3d 398, 402–03 (5th Cir. 1999)).   There is nothing in the record which would suggest that Defendant is entitled to rely on the doctrine of equitable tolling as it pertains to his ineffective assistance of counsel claim.   Thus, Defendant's second ground for relief is untimely.

    The court's review of the record reveals that even if Defendant's ineffective assistance of counsel claim were deemed timely, with the exception of the objection to the career offender adjustment discussed in the previous section, he has failed to specify what actions counsel could or should have taken that would have altered the

outcome of the proceedings.   Such conclusory allegations do not entitle him to relief.

Ground Three—Judicial Fact-Finding at Sentencing

Defendant's final claim is that his sentence was imposed in violation of the Fifth and Sixth Amendments to the U.S. Constitution because the court sentenced him based on facts it found at sentencing, as opposed to facts found by a jury beyond a reasonable doubt.   Defendant refers specifically to the fact of his prior conviction, which, he asserts, was not stipulated in the plea agreement.

The Government again takes the position that this ground for relief is time barred because it could have been raised within the statutory deadline for filing § 2255 motions.   The Government's argument is well taken.   And, even if the claim were not time barred, to the extent Defendant relies upon Alleyne v. United States, 570 U.S. __, 133 S. Ct. 2151 (2013) in support of his claim, such reliance is misplaced.

In Apprendi v. New Jersey, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proven beyond a

reasonable doubt.   Apprendi, 530 U.S. 466, 490 (2000).   In Alleyne, the Supreme Court extended this holding by ruling that any fact that increases the minimum sentence for a crime, other than the fact of a prior conviction, is an element of the offense that must be submitted to the jury and proven beyond a reasonable doubt. The fact of a prior conviction is not an "element" that must be found by a jury.   *See* United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014) (citing Almendarez-Torres, 523 U.S. 224, 226–27 (1998); Alleyne, 133 S. Ct. at 2160 n.1; Descamps, 133 S. Ct. 2276, 2288 (observing that an increase in the maximum statutory sentence based on judicial factfinding that "went beyond merely identifying a prior conviction" would "raise serious Sixth Amendment concerns."); United States v. Charles, 757 F.3d 1222, 1225 (11th Cir. 2014); United States v. Jones, 603 F. App'x 781, 782 (11th Cir. 2015) (citing Harris).   Defendant's minimum mandatory sentence was based upon his prior conviction.   Therefore, even if this ground for relief were timely, Alleyne does not afford him relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

In this case, the undersigned recommends that relief be granted with respect to only one claim, and denied as to Defendant's second and third grounds for relief. With respect to the latter two claims, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, if this recommendation is adopted, it is also recommended that the court deny a certificate of appealability on Grounds Two and Three in Defendant's § 2255 motion in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.      The motion to vacate, set aside, or correct sentence (ECF No. 47) be **GRANTED** as to Ground One, but only to the extent that Defendant should be granted a new sentencing hearing at which the issue of whether he is a career offender under U.S.S.G. § 4B1.1 should be considered anew.

2.      The motion to vacate, set aside or correct sentence (ECF No. 47) be **DENIED** as to Grounds Two and Three and that a certificate of appealability as to these claims be **DENIED**.

At Pensacola, Florida, this 11th day of July 2016.


s/*Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY**

**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.